UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROADCAST MUSIC, INC.; MJ PUBLISHING )
TRUST d/b/a MIJAC MUSIC; 2-TUFF-E-NUFF )
PRODUCTIONS, INC. d/b/a TWO TUFF ENUFF )
PUBLISHING; EMI BLACKWOOD MUSIC, INC.; )
SONGS OF UNIVERSAL, INC.; EMI VIRGIN )
SONGS, INC. d/b/a EMI LONGITUDE MUSIC; )
UNIVERSAL-SONGS OF POLYGRAM )
INTERNATIONAL, INC.; MIX-A-LOT )
PUBLISHING; GASOLINE ALLEY )
MUSIC, INC. d/b/a GASOLINE ALLEY MUSIC; )
RAMSES MUSIC, )
              )
     Plaintiffs,    )  CIVIL ACTION NO.: _____
              )
   v.         )
              )
ULSTER, INC. d/b/a O'NEILL'S, )
RONALD F. BROGAN and KEVIN TREANOR, )
each individually, )
              )
     Defendants.   )

## **COMPLAINT**

  Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

### **JURISDICTION AND VENUE**

  1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

  2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### **THE PARTIES**

  3.  Plaintiff, Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade

Center, 250 Greenwich Street, New York, NY 10007. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff MJ Publishing Trust is a Trust d/b/a Mijac Music and is the copyright owner of at least one of the songs in this matter.

6. Plaintiff 2-Tuff-E-Nuff Productions, Inc. is a corporation d/b/a Two Tuff Enuff Publishing and is the copyright owner of at least one of the songs in this matter.

7. Plaintiff EMI Blackwood Music, Inc. is a corporation and is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Songs Of Universal, Inc. is a corporation and is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music and is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Universal-Songs Of Polygram International, Inc. is a corporation and is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Mix-A-Lot Publishing is a sole proprietorship owned by Anthony L. Ray and is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Gasoline Alley Music, Inc. is a corporation d/b/a Gasoline Alley Music and is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Cameo Appearance By Ramses Music is a partnership owned by Carl E. Martin and Darnell A. Van Rensalier and is the copyright owner of at least one of the songs in this matter.

14. Plaintiffs are informed and believe that Defendant Ulster, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, which operates, maintains and controls an establishment known as O'Neill's, located at 120 Washington Street, Salem, MA, 01970, in this district (the "Establishment").

15. In connection with the operation of the Establishment, Defendant Ulster, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

16. Defendant Ulster, Inc. has a direct financial interest in the Establishment.

17. Plaintiffs are informed and believe that defendant Ronald F. Brogan is an officer of Defendant Ulster, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

18. Plaintiffs are informed and believe that defendant Ronald F. Brogan has the right and ability to supervise the activities of Defendant Ulster, Inc. and a direct financial interest in that corporation and the Establishment.

19. Plaintiffs are informed and believe that defendant Kevin Treanor is an officer of Defendant Ulster, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

20. Plaintiffs are informed and believe that defendant Kevin Treanor has the right and ability to supervise the activities of Defendant Ulster, Inc. and a direct financial interest in that

corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

21.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 20.

22.     Plaintiffs allege five (5) claims of willful copyright infringement, based upon defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against defendants.

23.     Annexed as Schedule A and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information:  Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the Plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 stating the date(s) of infringement; and Line 8 identifying the name of the Establishment where the infringement occurred.  All references hereinafter to "Lines" are to lines on the Schedule.

24.     Each of the musical compositions identified on the Schedule, Line 2, were created

by the persons named on Line 3.

25. For each work, on or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

26. For each work, on the date(s) listed on Line 7, plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. For each work, on the dates listed on Line 7, the plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

27. For each work, on the date(s) listed on Line 7, defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at on the premises of the Establishment without a license or permission to do so. Thus, defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged, as well as defendants' entire course of conduct, have caused and are causing plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, defendants threaten to continue committing copyright infringement. Unless this Court restrains defendants from committing further acts of copyright infringement, plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**RELIEF REQUESTED**

WHEREFORE, plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their

permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

  (II) Defendants be ordered to pay statutory damages per claim of infringement, pursuant to 17 U.S.C. Section 504(c);

  (III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

  (IV) Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted:

Date: July 1, 2010

BROADCAST MUSIC, INC., et al,
Plaintiffs,

By their attorneys,

/s/ Amy C. Mainelli Burke_____
William S. Strong, Esq., BBO #483520
Amy C. Mainelli Burke, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts  02114
Tel: (617) 227-7031
Fax: (617) 367-2988
strong@kcslegal.com
aburke@kcslegal.com